**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-02009-CMA-KLM

GREAT NORTHERN INSURANCE COMPANY, *an Indiana corporation*,

    Plaintiff/Counter-Defendant,

v.

100 PARK AVENUE HOMEOWNERS ASSOCIATION, Inc., *a Colorado corporation*,

    Defendant/Counter-Claimant.

**ORDER DENYING 100 PARK'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on 100 Park's Motion for Partial Summary Judgment on Great Northern's Second Amended Complaint (Doc. # 105), wherein Defendant/Counter-Claimant 100 Park Avenue Homeowners Association, Inc. ("100 Park") seeks summary judgment on all claims asserted by Plaintiff/Counter-Defendant Great Northern Insurance Company ("Great Northern") in its Second Amended Complaint.[1] Great Northern opposes the Motion. For the following reasons, the Motion is denied.

### I.     LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] In its Second Amended Complaint, Great Northern seeks damages for breach of contract and unjust enrichment and declaratory relief in the form of vacatur of the appraisal award. (Doc. # 79.)

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated

2

differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## II. ANALYSIS

Upon consideration of the Motion, the related briefing, and the applicable law, the Court finds that there are genuine disputes of material fact that preclude summary judgment on Great Northern's claims for breach of contract and declaratory relief in the form of vacatur of the appraisal award, including, but not limited to:

- whether 100 Park's appraiser, Juan Cartaya, was partial to 100 Park at the time of his appointment and during the course of the appraisal;

- whether Mr. Cartaya has an extensive, financially advantageous relationship with 100 Park's public adjuster and attorneys; and

- whether 100 Park hired Mr. Cartaya knowing that he was partial.

Likewise, 100 Park's waiver defense involves genuine disputes of material fact, including whether Great Northern had full knowledge of all relevant facts and knowingly relinquished its right to vacate the appraisal award.[2] Accordingly, it is inappropriate for determination at summary judgment.

With respect to Great Northern's unjust enrichment claim, "[i]n general, a party

---

[2] *See Copper Oaks Master Home Owners Ass'n v. Am. Fam. Mut. Ins. Co.*, No. 15-CV-01828-MSK-MJW, 2018 WL 3536324, at *16 (D. Colo. July 23, 2018) ("Under Colorado law, waiver is the intentional relinquishment of a known right. . . . To constitute an implied waiver, the conduct must be free from ambiguity and clearly manifest the intent not to assert the benefit. A waiver thus requires full knowledge of all the relevant facts.") (citations omitted).

cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003). 100 Park argues in its Motion that the express contract between the parties precludes Great Northern from prevailing on an unjust enrichment claim. Great Northern responds that 100 Park's alleged misconduct falls outside of the scope of the express contract and, therefore, an exception to the general principle precluding unjust enrichment is present in this case. *See id.* (explaining "a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract") (citation omitted). The Court finds that this dispute presents a mixed question of law and fact that is best suited to a mid-trial motion. Accordingly, the Court will determine, after it has had the benefit of hearing all of Great Northern's evidence, whether an unjust enrichment claim is appropriate under the circumstances of this case.

### III. CONCLUSION

For the foregoing reasons, 100 Park's Motion for Partial Summary Judgment on Great Northern's Second Amended Complaint (Doc. # 105) is DENIED.

DATED: June 29, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge