IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 16-cv-02009-CMA-KLM

GREAT NORTHERN INSURANCE COMPANY, *an Indiana corporation*,

    Plaintiff/Counter Defendant,

v.

100 PARK AVENUE HOMEOWNERS ASSOCIATION, Inc., *a Colorado corporation*,

    Defendant/Counter Claimant.

---

## ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Plaintiff/Counter Defendant's Amended Motion for Leave to File Motion for Summary Judgment ("Motion for Leave"). (Doc. # 128.) For the reasons detailed below, the Court denies the Motion.

## I.     BACKGROUND

This is an insurance action that has been pending before this Court since August 2016. (Doc. # 1.) Because of the nature of the instant motion and the complex procedural history of this case, the Court provides the following background.

In June 2015, Defendant/Counter Claimant 100 Park Avenue Homeowners Association ("100 Park") sustained damage to its building as a result of a hailstorm. Plaintiff/Counter Defendant Great Northern Insurance Company ("Great Northern") insured the building. After the parties could not agree on an assessment of loss, the

parties engaged in resolution under the appraisal provision of the insurance policy, which required each party to "select and pay a competent and impartial appraiser." (Doc. # 40 at 1.)

Great Northern initiated this action by filing a Complaint for Declaratory Judgment and to Compel Appraisal on August 8, 2016. (Doc. # 1.) The Complaint alleged that appraiser George Keys was biased in favor of policyholders and had a close relationship with Derek O'Driscoll, a public adjuster representing 100 Park on its insurance claim, and with the Merlin Law Group, an association of lawyers providing counsel for 100 Park. (Doc. # 40 at 2.) After summary judgment briefing, the Court entered an order disqualifying Mr. Keys from serving as an appraiser and ordering 100 Park to select a competent and impartial appraiser within 30 days and proceed with the appraisal process. (*Id.* at 4.)

100 Park selected a new appraiser, Juan Cartaya, and the parties' appraisers proceeded with their valuations. (Doc. # 78 at 1.) Great Northern paid the amount of the appraisal award to 100 Park on May 23, 2018. (Doc. # 79 at ¶ 17.) However, after the Colorado Supreme Court set forth a new standard for disqualifying and evaluating the qualifications of appraisers in *Owners Insurance Company v. Dakota Station II Condominium Association, Inc.*, 443 P.3d 47 (Colo. 2019), Great Northern moved for leave to substantially amend its complaint to assert causes of action to vacate the appraisal award and seek reimbursement. (Doc. # 65 at 5–7.) Specifically, Great Northern alleges that Mr. Cartaya was an "advocate" for 100 Park and not impartial. (*Id.*

at 4.) The Court granted Great Northern's motion (Doc. # 78 at 4) and permitted Great Northern to file a Second Amended Complaint (Doc. # 79).

In the Second Amended Complaint, filed on September 16, 2019, Great Northern asserts three claims: (1) declaratory judgment to vacate the appraisal award; (2) breach of contract; and (3) unjust enrichment. *See generally* (Doc. # 79.) 100 Park alleges three counterclaims: (1) breach of contract; (2) statutory unreasonable delay of benefits in violation of Colo. Rev. Stat. §§ 10-3-1115 and -1116; and (3) common law bad faith. (Doc. # 82 at 15; Doc. # 5 at 28–31.)

On January 6, 2020, Magistrate Judge Kristen L. Mix entered the Scheduling Order in this case. (Doc. # 91.) The Scheduling Order provides that the case will proceed in two phases: Phase I will include discovery and resolution of all matters related to Great Northern's claims, and Phase II will include discovery and resolution of all matters related to 100 Park's counterclaims. (*Id.* at 7.) Judge Mix ordered that within 30 days of entry of any order resolving the claims in the Second Amended Complaint, the parties shall file a joint proposed scheduling order for Phase II discovery, or a status report. (*Id.*) After the Scheduling Order was amended, the discovery deadline for Phase I was set for December 15, 2020. (Doc. # 102.) Dispositive motions were due January 15, 2021. (*Id.*)

The parties proceeded with Phase I discovery, but, because of the onset of the COVID-19 pandemic in March 2020 and other factors, the parties mutually agreed to continue Phase I oral fact discovery past the December 15, 2020 discovery deadline. (Doc. # 102.) In January 2021, the parties each filed motions to amend the scheduling

order to extend certain case deadlines, including the dispositive motion deadline of January 15, 2021. (Doc. ## 103, 106.) Nevertheless, on January 15, 2021, 100 Park timely filed a Motion for Partial Summary Judgment on all three of Great Northern's claims asserted in the Second Amended Complaint. (Doc. # 105.) On February 18, 2021, in its Reply to its Supplemental Motion to Amend Scheduling Order (Doc. # 103), Great Northern stated that "discovery relating to Phase I one [sic] issues is no longer necessary, and the dispositive motion deadline does not need to be extended." (Doc. # 118 at 1.) Accordingly, Great Northern stated that both 100 Park's Motion to Amend Scheduling Order (Doc. # 103) and Great Northern's Supplemental Motion to Amend Scheduling Order (Doc. # 106) were moot. (*Id.* at 3.) Judge Mix denied both motions to amend the scheduling order as moot, and the dispositive motions deadline—which had already expired—was not extended. (Doc. # 120.)

On June 29, 2021, this Court issued its Order Denying 100 Park's Motion for Partial Summary Judgment. (Doc. # 125.) With respect to Great Northern's claims for breach of contract and declaratory relief in the form of vacatur of the appraisal award, the Court determined that several genuine disputes of material fact precluded summary judgment, including, but not limited to:

- whether 100 Park's appraiser, Juan Cartaya, was partial to 100 Park at the time of his appointment and during the course of the appraisal;
- whether Mr. Cartaya has an extensive, financially advantageous relationship with 100 Park's public adjuster and attorneys; and
- whether 100 Park hired Mr. Cartaya knowing that he was partial.

4

(*Id.* at 3.) The Court further determined that 100 Park's waiver defense involves genuine disputes of material fact, including whether Great Northern had full knowledge of all relevant facts and knowingly relinquished its right to vacate the appraisal award. (*Id.*) Finally, the Court found that Great Northern's unjust enrichment claim involved a quasi-contract dispute that "presents a mixed question of law and fact that is best suited to a mid-trial motion." (*Id.* at 4.) The Court therefore denied 100 Park's Motion for Partial Summary Judgment.

The docket reflects no activity in this case for 9 months after the Court entered its Order Denying 100 Park's Motion for Partial Summary Judgment. Then, on March 28, 2022, Judge Mix entered a minute order *sua sponte* ordering the parties to file a joint status report. Plaintiff Great Northern then filed the instant Motion for Leave to File Motion for Summary Judgment. (Doc. # 128.) 100 Park opposes the Motion and requests that the Court proceed to an evidentiary hearing or trial to resolve Phase I and Great Northern's claims in the Second Amended Complaint. (Doc. # 131.) The matter is now ripe for review.

## II.   LEGAL STANDARD

Because the dispositive motion deadline in this case passed well over a year before Great Northern's Motion for Leave, the Court must apply Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." To establish "good cause," a party must generally show that "the scheduling order's deadline could not have been met with diligence." *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1254 (D. Colo. 2011). It is within a district court's discretion to

permit successive motions for summary judgment. *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2020 WL 6063895, at *2 (D. Colo. Oct. 13, 2020) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)). A second motion for summary judgment is "particularly appropriate on an expanded factual record," *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010), or in the event of an intervening change in the law, *Smith v. McGarvie*, 321 F. App'x 665, 666 (9th Cir. 2009). The Court may also consider whether permitting a party to file a motion for summary judgment after the deadline is in the interest of judicial economy. *RCHFU*, 2020 WL 6063895, at *4.

## III.   DISCUSSION

Great Northern requests leave to file a motion for summary judgment because it believes that the Phase I issues can now be resolved as a matter of law. (Doc. # 128 at 3.) In support, Great Northern cites to another similar case where Senior Judge Marcia S. Krieger recently granted summary judgment after finding that Mr. Cartaya was not impartial. *See GSL Group, Inc. v. Travelers Indemnity Co.*, No. 18-cv-746-MSK-SKC, 2021 WL 4245372 (D. Colo. Sept. 16, 2021). Great Northern also notes that the deposition of Great Northern's 30(b)(6) corporate representative, David Trippel, took place on December 2, 2021—several months after this Court ruled on 100 Park's Motion for Partial Summary Judgment. (Doc. # 128 at 2.) In response, 100 Park contends that Great Northern has shown no good cause for amending the scheduling order to permit Great Northern to file a belated summary judgment motion and, more

significantly, this Court already determined that genuine disputes of material fact preclude summary judgment on the Phase I issues. The Court agrees with 100 Park.

As an initial matter, the Court finds that Great Northern has failed to show good cause for amending the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4). Aside from indicating that a single deposition occurred in December 2021, after the January 2021 dispositive motions deadline, Great Northern does not provide any explanation for why it waited until April 2022 to request leave to file a motion for summary judgment. Further, there is nothing in the Motion to support a finding of excusable neglect that would permit the Court to extend the time for filing a dispositive motion. *See* Fed. R. Civ. P. 6(b)(1)(B). "Control over the circumstances of the delay is 'the most important single factor in determining whether neglect is excusable.'" *Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. 1997) (unpublished) (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). Great Northern did not file a motion for summary judgment by the dispositive motion deadline of January 15, 2021, and it does not provide sufficient reasons for its nearly 16-month delay in attempting to file such a motion now.

Although Great Northern indicates that certain discovery has occurred since the dispositive motion deadline, the Court finds that this limited discovery is insufficient to warrant another attempt at resolving the Phase I issues via summary judgment. In its Order Denying 100 Park's Motion for Partial Summary Judgment, this Court found that several genuine disputes of material fact precluded summary judgment on all of the Phase I issues, including but not limited to whether Mr. Cartaya was partial to 100 Park

at the time of his appointment and during the course of the appraisal and whether Mr. Cartaya has an extensive, financially advantageous relationship with 100 Park's public adjuster and attorneys. (Doc. # 125 at 3.) In its Reply in support of its Motion for Leave, Great Northern argues that the deposition of its corporate representative David Trippel resolves one of the genuine issues of material fact identified by the Court relevant to 100 Park's waiver defense: whether Great Northern had full knowledge of all relevant facts and knowingly relinquished its right to vacate the appraisal award. (Doc. # 132 at 3.) However, Great Northern does not indicate how any of the other genuine issues of material fact identified by the Court are now "undisputed" so as to be appropriate to resolve at summary judgment. Stated differently, Great Northern has not shown any specific evidence that it has discovered since this Court's previous summary judgment order that justifies considering anew whether the undisputed material facts support entering summary judgment on any of the Phase I issues.

Finally, Great Northern argues that this Court should consider Judge Krieger's order vacating an appraisal award connected with Mr. Cartaya in *GSL Group*. The Court does not find it appropriate to permit Great Northern leave to file a motion for summary judgment on the basis of an order entered in a separate case, with different parties and different facts. In this case, the Court found that genuine disputes of material fact precluded summary judgment as to Mr. Cartaya's partiality. Great Northern has not shown anything to establish that summary judgment is now appropriate on those issues. For these reasons, the Court denies Great Northern's Motion for Leave.

IV.    **CONCLUSION**

For the foregoing reasons, it is ORDERED that Plaintiff/Counter Defendant's

Amended Motion for Leave to File Motion for Summary Judgment (Doc. # 128) is

DENIED. It is

FURTHER ORDERED that the parties are directed to contact Judge Mix's

chambers to schedule a final pretrial conference.

DATED: October 3, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior .United States District Judge